## WAYMACK v. HEILMAN, ET AL.

EQUITY—*Parol evidence.*—The rule that parol evidence is not admissible to contradict, vary or materially affect a written contract, is not contravened by the admission of such evidence to show a failure, a want, or an illegal consideration in a written contract.

CONFEDERATE MONEY—A contract, the consideration of which was Confederate money, is illegal and void.

*Appeal from Pulaski Chancery Court.*

HON. T. D. W. YONLEY, Chancellor.

*Clark & Williams*, for appellant.

29

*Wassell & Moore*, for appellees.

BENNETT, J.

In October, 1864, John H. Rosenbaum executed to Micajah Waymack, the appellant, his writing obligatory for $500, and a mortgage on lands, in the county of Pulaski, to secure the sum. Rosenbaum died, leaving the appellees his heirs at law.

In 1866 Waymack filed his bill to foreclose the mortgage; appellees answered the bill, setting up, as a defense, that the consideration of the writing obligatory and deed of mortgage was "Confederate money," lent and advanced to Rosenbaum by appellant. The bill was dismissed for want of equity; complainant brought error. There are but two questions presented by the bill, answer and proof.

*First.* Is the proof adduced sufficient to sustain the averments in the answer?

*Second.* Is a contract, the consideration of which is Confederate money, illegal and void?

The first is a question of fact, the second a question of law.

The answer was supported solely by the deposition of Henry C. Heilman, the son of the defendant, Mrs. Heilman, who testified "that he saw Mr. Waymack, the complainant, at the house of the defendant, Mrs. Heilman, and he proposed to sell her a mortgage on John Rosenbaum's tract of land. He (Waymack) said that John Rosenbaum had made the mortgage to him for $500, in Confederate money, and he offered to sell it to her (Mrs. Heilman,) for half the amount in greenbacks."

This was all the testimony in the case. It is urged by appellants that parol evidence cannot be introduced to show consideration, as the action is founded upon a written instrument.

We can see no point in this objection. Although it is a settled principle, both in the English and American courts, that parol evidence is not admissible to contradict, vary or materially affect, by way of explanation, a contract in writing, upon the ground that written evidence is of a higher grade than the

mere verbal declarations of witnesses, and consequently when parties have agreed upon terms of a contract, which is afterwards reduced to writing, the verbal agreement is merged into the written contract. Yet it has been often held as no violation of these doctrines, or if so, in terms as well settled as these doctrines themselves, that although, upon the face of the instrument in writing, the usual expression of consideration, such as "for value received," may be found, yet the maker may show, as against the payee, or other person standing in the same situation, that the note or bond was given without consideration, or that the consideration has failed, or that fraud, in respect to it, was practiced upon him by the other party and under some circumstances, that the consideration was illegal. The American cases to this point are collected by the learned annotators upon *Phillips' Evidence, Cowen & Hill, Ed: 3 vol. 158–172.*

The rule which forbids the admission of parol evidence to contradict or vary a written contract, is not infringed by any evidence of known and established usage respecting the subject to which the contract relates. See *Vaugine et al. v. Taylor et al., 18 Ark. 65; Clinton v. Estes, 20 Ark. 216,* and cases there cited.

The question of admissibility having been disposed of, it remains but to ascertain whether the testimony presented sustains the answer. The evidence, though weak, we think was sufficient for the chancellor to have found that the consideration of the note, for the security of which the mortgage was executed, was for Confederate money.

Was such a contract illegal and void? We deem this question as *res adjudicata.* The language of this court in the case of *Latham v. Clark, 25 Ark. 574,* is conclusive.

The doctrine seems now to be pretty well settled that the courts, in cases where the contract is founded upon an illegal consideration, will leave the parties where it finds them, giving no relief and no countenance to claims of this sort.

Finding no error in the proceedings of the court below, the decision will be affirmed.